[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11126
Non-Argument Calendar

_____

D.C. Docket No. 8:05-cr-00044-SCB-JSS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY L. FORD,
a.k.a. BoBo,
a.k.a. Bo,
a.k.a. Big Head,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 26, 2021)


Before NEWSOM, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tony Ford appeals the district court's orders (1) denying his motion for a sentence reduction under section 404 of the First Step Act of 2018[1] and (2) denying his motion for reconsideration of that denial. No reversible error has been shown; we affirm.

In 2005, a jury found Ford guilty of (1) conspiracy to possess with intent to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii), 846 (Count 1); (2) 5 counts of possession with intent to distribute and distribution of cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) (Counts 2, 4, 5, 6, 7); and (3) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 11).

The Presentence Investigation Report ("PSI") calculated Ford's base offense level as 38, based on the quantity of drugs involved in Ford's offenses. The PSI applied a four-level enhancement for Ford's leadership role in the offense. The PSI also designated Ford as a career offender -- under U.S.S.G. § 4B1.1 -- because Ford had two prior felony convictions for controlled-substance offenses. Based on

---

[1] First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222.

the resulting total offense level of 42 and on a criminal history category of VI,

Ford's advisory guidelines range was 360 months to life imprisonment.

Ford, however, also qualified for enhanced statutory penalties -- under 21

U.S.C. §§ 841(b) and 851 -- based on his two prior felony drug convictions.  In

pertinent part, Ford was subject to a statutory mandatory sentence of life

imprisonment on Count 1.  As a result, Ford's guidelines range also became life

imprisonment under U.S.S.G. § 5G1.1(c)(2).

The district court sentenced Ford to (1) life imprisonment on Count 1; (2)

360 months' imprisonment on each of Counts 2, 4, 5, 6, and 7; and (3) 120

months' imprisonment on Count 11, all to run concurrently.

In March 2019, Ford -- through his lawyer -- moved to reduce his sentences

pursuant to Section 404 of the First Step Act.[2]

The district court denied Ford's motion in March 2020.  The district court

concluded that Ford was ineligible for a reduced sentence because -- given the 5

kilograms of powder cocaine involved in Count 1 -- Ford remained subject to a

mandatory sentence of life imprisonment.  The district court later denied Ford's

motion to reconsider that denial.

---

[2] Only Ford's life sentence on Count 1 is at issue in this appeal.

We review de novo whether a district court had the authority to modify a term of imprisonment under the First Step Act. See United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). "We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." Id.

The First Step Act "permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." Id. at 1293. Under section 404(b) of the First Step Act, "a district court that imposed a sentence for a covered offense [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." Id. at 1297 (quotations and alterations omitted).

To be eligible for a reduction under section 404(b), a movant must have been sentenced for a "covered offense" as defined in section 404(a). Id. at 1298. We have said that a movant has committed a "covered offense" if the movant's offense triggered the higher statutory penalties for crack-cocaine offenses in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii): penalties that were later modified by the Fair Sentencing Act. See id. A multi-drug conspiracy offense involving both crack cocaine and another controlled substance constitutes a "covered offense" as long as

4

the quantity of crack cocaine triggered an increased statutory penalty. See United

States v. Taylor, 982 F.3d 1295, 1300 (11th Cir. 2020).

In determining whether a movant has a "covered offense" under the First

Step Act, the district court "must consult the record, including the movant's

charging document, the jury verdict or guilty plea, the sentencing record, and the

final judgment." Jones, 962 F.3d at 1300-01. The pertinent question is whether

the movant's conduct satisfied the drug-quantity element in sections

841(b)(1)(A)(iii) (50 grams or more of crack cocaine) or 841(b)(1)(B)(iii) (5 grams

or more of crack cocaine) and subjected the movant to the statutory penalties in

those subsections. Id. at 1301-02. If so -- and if the offense was committed before

3 August 2010 (the effective date of the Fair Sentencing Act) -- then the movant's

offense is a "covered offense," and the district court may reduce the movant's

sentence "as if" the applicable provisions of the Fair Sentencing Act "were in

effect at the time the covered offense was committed." See First Step Act §

404(b); Jones, 962 F.3d at 1301, 1303.

Here, the quantity of crack cocaine involved in Ford's multi-drug conspiracy

offense in Count 1 -- which the jury found was 50 grams or more -- triggered the

enhanced statutory penalties in section 841(b)(1)(A)(iii). Because Ford's drug

conspiracy offense in Count 1 was committed before 3 August 2010, his offense qualifies as a "covered offense" under the First Step Act.

Having concluded that Ford satisfied the "covered offense" requirement, we next consider whether a sentence reduction was available. We have said that the "as if" qualifier in section 404(b) of the First Step Act imposes two limitations on the district court's authority to reduce a sentence under the First Step Act. See Jones, 962 F.3d at 1303. First, the district court cannot reduce a sentence where the movant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." Id. "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." Id. In other words, a district court lacks the authority to reduce a movant's sentence when the sentence would necessarily remain the same under the Fair Sentencing Act. See id.

Applying these limitations, the district court had no authority under the First Step Act to reduce Ford's life sentence. The Fair Sentencing Act amended only the statutory penalties applicable to offenses involving crack cocaine; the statutory penalties applicable to offenses involving powder cocaine remained unchanged. Both before and after passage of the Fair Sentencing Act, section 841(b)(1)(A)(ii)

6

imposed a mandatory life sentence for offenses involving five kilograms or more of powder cocaine committed by defendants with two or more prior felony drug convictions. Compare 21 U.S.C. § 841(b)(1)(A)(ii) (2009), with id. § 841(b)(1)(A)(ii) (2010).

Based on Ford's two prior felony drug convictions and the jury's finding that Ford was responsible for 5 kilograms of powder cocaine, Ford's sentence of life imprisonment is still the lowest possible penalty that would be available to him under the Fair Sentencing Act.

That Ford might be subject to a lower statutory mandatory sentence under the most recent version of section 841(b)(1)(A) is immaterial. In ruling on a defendant's motion under section 404 of the First Step Act, a district court has limited authority to reduce a sentence "as if" sections 2 and 3 of the Fair Sentencing Act were in effect. A district court "is not free . . . to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3." United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020) (emphasis added). "[T]he First Step Act does not authorize the district court to conduct a plenary or de novo resentencing." Id.

We affirm the district court's determination that Ford was ineligible for a reduced sentence under the First Step Act. We also affirm the district court's denial of Ford's motion for reconsideration of that denial.

AFFIRMED.[3]

---

[3] To the extent Ford contends that our decisions in Jones and in Denson are wrongly decided, we must decline to consider those arguments in this appeal. See United States v. Johnson, 981 F.3d 1171, 1192 (11th Cir. 2020) ("Under our prior precedent rule, we must follow the precedent of earlier panels unless and until the prior precedent is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc.").